IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| **BRANDON MAGEE,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | NO. 1:13-CV-00134 –WLS-TQL |
| VS. | : | |
| | : | |
| **SGT. DENNIS TURNER, et. al.,** | : | |
| | : | |
| Defendants. | : | **PROCEEDINGS UNDER 42 U.S.C. § 1983** |
| | : | **BEFORE THE U.S. MAGISTRATE JUDGE** |
| | : | |

## ORDER & RECOMMENDATION

Plaintiff Brandon Magee, a prisoner currently confined at Calhoun State Prison, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 and has been granted leave to proceed *in forma pauperis*. The Court's filing fee was not waived, however; Plaintiff is still obligated to pay the full filing fee, as directed later in this Order. For this reason, the Clerk is **DIRECTED** to send a copy of this Order to the warden and/or business manager of the facility in which Plaintiff is currently confined.

The undersigned has also now completed a preliminary review of Plaintiff's Complaint (Doc. 1), pursuant to 28 U.S.C. § 1915A(a), and will allow Plaintiff's claims against Sergeants Dennis Turner and Williton Kegler to go forward. It is **RECOMMENDED**, however, that Plaintiff's claims against Officers Luis Cintron and Sharod Williams be **DISMISSED** without prejudice, pursuant to 28 U.S.C. § 1915A (b)(1), for failure to state a claim.

1

**STANDARD OF REVIEW**

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is also required to conduct a preliminary screening of his Complaint. See 28 U.S.C. § 1915A(a).  In a preliminary review, the district court must accept all factual allegations in the complaint as true.  Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004).  *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and will be "liberally construed."  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).  A *pro se* prisoner's pleading is, nonetheless, subject to dismissal prior to service if the court finds that the complaint, when viewed liberally and in the light most favorable to the plaintiff, fails to state a claim upon which relief may be granted. See 28 U.S.C. §1915A(b)(1).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  To state a cognizable claim, the allegations in the complaint must also do more than "merely create[] a suspicion [of] a legally cognizable right of action." Id. at 555.  "Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Therefore, to survive a preliminary review, a prisoner's complaint must "raise the right to relief above the speculative level" by alleging facts which create "a reasonable expectation" that discovery will reveal the evidence necessary to prove his claim. See Twombly, 550 U.S. at 555-556.

**STATEMENT AND ANALYSIS OF CLAIMS**

The present action arises out of an incident at Calhoun State Prison in which Plaintiff Brandon Magee was attacked and injured by another inmate. In his Complaint, Plaintiff alleges that Defendants Sergeant Turner and Sergeant Kegler transferred him to a new location within the prison. Plaintiff was informed that he was being moved and placed on a "pending investigation" status because he "had a price on [his] head" and was in danger of being injured by other inmates. Despite this threat, Defendants put Plaintiff in a room with another inmate. The other inmate became upset when Plaintiff was placed in his room, and he informed Sergeant Turner that he was not to have a roommate. Sometime thereafter, but within an hour of the transfer, the inmate attacked and injured Plaintiff. Officers William and Cintron apparently responded to the incident to separate the prisoners. Sergeant Turner and Sergeant Kegler then returned and ordered that the two inmates be separated, but they refused to provide Plaintiff with any medical care for alleged injuries to his head, neck, and back.

These allegations, when read in a light most favorable to Plaintiff, are sufficient for Plaintiff's claims against Defendants Turner and Kegler to survive a preliminary frivolity review. See Farmer v. Brennan, 511 U.S. 825, 833, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) ("prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners") (quotations and citations omitted). It is thus **ORDERED** that service be made on Defendants Sergeant Dennis Turner and Sergeant Williton Kegler and that they file an Answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of their duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

The brief allegations in the Complaint fail to state a claim against Officers Williams and

Cintron, however. In his Complaint, Plaintiff only alleges that these officers responded to the incident in question and separated the fighting inmates. The Complaint does not allege that either of these defendants was responsible for Plaintiff's room assignment or that they specifically denied him medical treatment thereafter. Thus, in an Order dated August 20, 2013, the undersigned advised Plaintiff that his allegations were not sufficient to support this claim and provided him an opportunity to supplement his Complaint with additional facts. The time for responding to that Order has now expired, and Plaintiff failed to file any response. Therefore, because the allegations in Plaintiff's Complaint fail to state a claim against these officers, it is **RECOMMENDED** that Plaintiff's claims against Officers Williams and Cintron be **DISMISSED without prejudice**, pursuant to 28 U.S.C. § 1915A(b)(1).

Plaintiff may serve and file written objections to the undersigned's recommendation with the district judge to whom this case is assigned within fourteen days after being served a copy of this Order. 28 U.S.C. § 636(b)(1).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions

have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff. Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with his custodian. Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.

**IT IS HEREBY ORDERED** that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by

Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court.  This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first).   The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.   No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party.  The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party is required to respond to any request which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the Court in the absence of a separate motion therefor accompanied by a memorandum of law citing supporting authorities.   Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the Court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of

any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.   It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments.   In addition, Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED**, this 30th day of September, 2013.

s/***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE

jlr