IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

|  |  |  |
|---|---|---|
| BRANDON MAGEE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | 1 : 13-CV-134 (WLS) |
| SGT. DENNIS TURNER, and | : | |
| SGT. WILLITON KEGLER, | : | |
| | : | |
| Defendants. | : | |

## RECOMMENDATION

Presently pending in this action brought pursuant to 42 U.S.C. § 1983 is a Motion to Dismiss filed on behalf of the Defendants.  (Doc. 13).  The Court notified the Plaintiff of the filing of the Defendants' Motion to Dismiss and directed him to respond thereto within thirty (30) days of the Court's Order.  (Doc. 14).  The Plaintiff has not filed a response to the Defendants' motion.

Plaintiff filed this action in August 2013, raising allegations of deliberate indifference to a serious threat of harm and to serious medical needs.  (Doc. 1).  Ultimately, the Court allowed Plaintiff's claims of deliberate indifference to a serious threat of harm to proceed against Defendants Turner and Kegler.  (Doc. 6).  In his Complaint, Plaintiff alleges that these Defendants transferred the Plaintiff to a new location within Calhoun State Prison in August 2013. (Doc. 1).  Plaintiff was informed that he was being moved and placed on a "pending investigation" status because he "had a price on [his] head" and was in danger of being injured by other inmates.  Despite this threat, Defendants placed Plaintiff in a cell with another inmate.  The other inmate became upset when Plaintiff was placed in the cell, and informed Defendant Turner he was not to have a cellmate.  Within an hour of the transfer, the inmate attacked and injured the

Plaintiff.   Defendants Turner and Kegler returned to the cell and ordered the two inmates separated, but allegedly refused to provide any medical care to the Plaintiff.

Defendants have filed a Motion to Dismiss, asserting in part that the Plaintiff has failed to exhaust his administrative remedies prior to filing this lawsuit.   (Doc. 13).   A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level".   *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."   A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.   The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

In regard to exhaustion of administrative remedies, the Prison Litigation Reform Act ("PLRA") mandates that all prisoners wishing to bring suits pursuant to § 1983 based on conditions of confinement violations must exhaust all available administrative remedies prior to filing a federal action.   The Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   42 U.S.C. §1997e (a).   In order to satisfy the exhaustion requirement, an inmate must fully pursue all available administrative remedies, including pursuing and completing all levels of appeal.   *Moore v. Smith*, 18 F. Supp. 2d 1360, 1363 (N.D.Ga. 1998); *Harper v. Jenkin*, 179 F.3d 1311 (11th Cir. 1999) (inmate who failed to seek leave to file an out-of-time grievance

failed to exhaust his administrative remedies as required by the PLRA).   "An inmate must use all steps in the administrative process and comply with any administrative deadlines and other critical procedural rules before exhaustion is proper.   Thus, if an inmate has filed an 'untimely or otherwise procedurally defective administrative grievance or appeal', he has not properly exhausted his administrative remedies." *Woodford v. Ngo*, 548 U.S. 81, 89-92 (2006).

The Eleventh Circuit has held that

> deciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process. First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of facts as true.   If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. . . . If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion.

*Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).

The Plaintiff does not refute the Defendants' showing that the Plaintiff did not fully exhaust the grievance he filed regarding the events underlying this lawsuit.   Plaintiff's claims therefore are subject to dismissal pursuant to the first step of the *Turner* analysis.

The Defendants establish, by means of the affidavit testimony of Christine Cross, Deputy Warden of Care and Treatment at Calhoun State Prison during the time period underlying the Complaint, that a grievance system was in place at Calhoun State Prison at the time of the incident underlying this lawsuit.   (Doc. 13-2).   The Defendants further establish, supported by the affidavit testimony of Cross, that during Plaintiff's incarceration at Calhoun State Prison and prior to the filing of this lawsuit, Plaintiff filed a grievance regarding the inmate attack incident, but had not completed the grievance process as to the underlying claims herein before filing this lawsuit.

3

*Id*. at ¶¶ 17-21.

The Plaintiff's grievance regarding the inmate attack incident was filed on August 6, 2013. (Doc. 13-2, ¶ 18; Doc. 13-6).   The grievance was denied on September 23, 2013.   (Doc. 13-6, p. 3).   Although the Plaintiff had been transferred to another prison, Cross notified the Grievance Coordinator at Plaintiff's new place of confinement of the grievance denial, and the Plaintiff signed an acknowledgment of receipt of the response denying his grievance on October 10, 2013. (Doc. 13-2, ¶¶ 20-21; Doc. 13-6, pp. 3, 8).   Plaintiff did not file an appeal of the denial of his grievance, and thus, his claims remained unexhausted when he filed his Complaint.   (Doc. 13-2, ¶ 21).

The Court finds that the Plaintiff has not exhausted the claims underlying this lawsuit, in that, he has not utilized all available remedies to grieve the alleged offenses of the Defendants. The affidavit testimony in support of the Defendants' Motion to Dismiss establishes the presence of a grievance system at Calhoun State Prison and establishes that the Plaintiff did not complete the grievance process regarding his claims prior to filing this lawsuit.

The evidence before the Court shows that Plaintiff did not properly pursue and exhaust the grievance procedure, leaving administrative remedies unexhausted.   The PLRA "requires proper exhaustion".   *Woodford*, 548 U.S. at 92.   In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process; he must comply with any administrative "deadlines and other critical procedural rules" in place.   *Id.*   Exhaustion of the grievance system by means of filing some form of proper grievance is required.   *Parzyck v. Prison Health Services, Inc.*, 627 F.3d 1215, 1218 (11th Cir. 2010) (citing *Jones v. Bock*, 549 U.S. 199, 219 (2007)).   The Court finds that the Defendants have met their burden to establish that the Plaintiff failed to exhaust his administrative remedies as to the claims underlying this lawsuit.

The Court notes that there is no indication that Plaintiff's use of the grievance process was

prohibited by prison officials, by means of threat or otherwise.   In order to demonstrate that administrative remedies were unavailable, the Plaintiff must point to specific facts showing that officials prohibited or blocked his use of the grievance process.   *Miller v. Tanner*, 196 F.3d 1190, 1194 (11th Cir. 1999) (inmate was not required to file an appeal after being told unequivocally, and in writing, that appeal was precluded; plaintiff produced memorandum denying grievance and informing plaintiff that no appeal was available); *Turner*, 541 F.3d at 1085 (prison official's serious threats of retaliation against an inmate for pursuing a grievance render administrative remedies unavailable).

Inasmuch as the Plaintiff has failed to fully exhaust administrative remedies as to the claims brought against the Defendants, it is the recommendation of the undersigned that the Defendants' Motion to Dismiss be **GRANTED.**

**Objections**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 28th day of March, 2014.

s/   *THOMAS Q. LANGSTAFF*

UNITED STATES MAGISTRATE JUDGE

asb